# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROXANNE HANCOCK on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>KAGAN LUBIC LEPPER FINKELSTEIN & GOLD, LLP; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No.: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, ROXANNE HANCOCK (hereinafter "HANCOCK") on behalf of herself and all others similarly situated (hereinafter "Plaintiffs") by and through her undersigned attorneys, alleges against the above-named Defendants, KAGAN LUBIC LEPPER FINKELSTEIN & GOLD, LLP, (hereinafter "KLLFG"), and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

5. As used in reference to the New York Codes, Rules and Regulations ("NYCRR"), the terms § "creditor," "communication" "consumer," "debt," and "debt collector" are defined in 23 NYCRR § 1.1.

6. As used in reference to the New York City Administrative Code ("NYCAC"), the term "debt collection agency", "consumer" and "debt" are defined in § 20-489(a).

## PARTIES

7. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

8. Plaintiff, HANCOCK, is a natural person and a resident of New York County, State of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

9. KLLFG is a domestic limited liability partnership with its principal place of business at 200 Madison Avenue, 24th Floor, New York, New York 10016.

10. KLLFG is a law firm with offices located at 200 Madison Avenue, 24th Floor, New York, New York 10016.

11. Upon information and belief, Defendant KLLFG is a law firm that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant KLLFG is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

13. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from HF which are in violation of the FDCPA, as described in this Complaint.

15. This Action is properly maintained as a statewide class action. The Class consists of:

> All New York City consumers who were sent initial collection letters and/or notices from KLLFG, attempting to collect debt(s) allegedly owed to another, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year to the filing of this Action.

16. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

17. Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

18. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a. Whether Defendants violated various provisions of the FDCPA;

   b. Whether Plaintiff and the Class have been injured by Defendants' conduct;

   c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

19. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

20. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

21. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

22. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

23. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

24. Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

25. On or before November 30, 2020, Plaintiff incurred a financial obligation to ELLE Wordworking, Inc. ("ELLE").

26. The ELLE obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

27. The ELLE obligation arose out of a transaction, which was for non-business purposes.

28. ELLE is a "creditor" as define by 15 U.S.C. § 1692a(4).

29. The ELLE obligation is a "debt" as defined by 15 U.S.C § 1692a(5).

30. Plaintiff at all times relevant to this lawsuit was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

31. On or before November 30, 2020 ELLE placed and/or referred the ELLE obligation with KLLFG for the purpose of collection.

32. At the time ELLE placed and/or referred the ELLE obligation with KLLFG for the purpose of collection, such obligation was past due.

33. At the time ELLE placed and/or referred the ELLE obligation with KLLFG for the purpose of collection, such obligation was in default.

34. On or about November 30, 2020, KLLFG caused to be mailed to HANCOCK a letter concerning the ELLE obligation. A copy of said letter is annexed hereto as Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

35. The November 30, 2020 letter to HANCOCK stated in part:

> Re: Long Overdue Balance due and owing to Elle Woodworking, Inc.
>
> Dear Ms. Hancock,
>
> I represent Elle Woodworking, Inc. ("Elle"), and, as you know, you owe Elle a total of $12,283.46. Although Elle has demanded payment and expressed a desire to file a mechanic's lien in the amount of $12,283.46, payment still has not been made. I am writing to see if there is an amicable way to resolve this matter since Elle's attempts to resolve this matter directly with Elle have been fruitless.
>
> You can avoid this matter from further escalation by paying Elle in full within the next 10 business days. An agreement to pay the long overdue balance to Elle needs to be reached because this is a substantial amount of money for Elle to be out of pocket and for this amount of time.
>
> I will need your answer by Monday, December 7, 2020. Please feel free to contact me to discuss further or have your attorney do so.

36. Upon receipt, HANCOCK read the November 30, 2020 letter.

37. As of November 30, 2020, HANCOCK did not owe ELLE $12,283.46.

38. As of November 30, 2020 HANCOCK owed ELLE an amount less than $12,000.

39. As of November 30, 2020 HANCOCK owed ELLE an amount less than $11,000.00.

40. As of November 30, 2020 HANCOCK owed ELLE an amount less than $10,000.00.

41. As of November 30, 2020 HANCOCK owed ELLE an amount less than $9,800.00.

42. The November 30, 2020 letter included an amount for attorney's fees.

43. KLLFG included attorney's fees in the amount of $12,283.46, stated in the November 30, 2020 letter.

44. As of November 30, 2020, KLLFG had not collected any monies from HANCOCK.

45. As of November 30, 2020, HANCOCK did not owe attorney's fees to ELLE.

46. The attorney's fees included in the $12,283.46, represents the contingency fee agreement between KLLFG and ELLE rather than a pre-paid, flat fee.

47. HANCOCK did not agree to pay prospective or estimated attorney's fees.

48. At the time KLLFG sent the November 30, 2020 letter, HANCOCK did not owe ELLE attorney's fees.

49. At the time KLLFG sent the November 30, 2020 letter to HANCOCK, it had not billed ELLE for attorney's fees, relative to the collection of the debt.

50. At the time KLLFG sent the November 30, 2020 letter to HANCOCK, it had not charged ELLE attorney's fees relative to the collection of the debt.

51. At the time KLLFG sent the November 20 2020 letter to HANCOCK, ELLE had not paid attorney's fees to KLLFG relative to the collection of the debt.

52. At the time KLLFG sent the November 30, 2020 letter to HANCOCK, ELLE had not been awarded attorney's fees by any Court in any jurisdiction, relating to the debt.

53. At the time KLLFG sent the November 30, 2020 letter to HANCOCK, KLLFG had not filed an action in any court in any jurisdiction, related to the debt.

54. Upon information and belief, members of the class have made payment of collection costs, which were not due and owing.

55. The November 30, 2020 letter does not contain the proper notice pursuant to 15 U.S.C. 1692e(11).

56. The November 30, 2020 letter does not contain the proper notice pursuant to 15 U.S.C. 1692g(a)(3).

57. The November 30, 2020 letter does not contain the proper notice pursuant to 15 U.S.C. 1692g(a)(4).

58. The November 30, 2020 letter does not contain the proper notice pursuant to 15 U.S.C. 1692g(a)(5).

59. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, KLLFG sent collection letters attempting to collect debts to more than 40 consumers residing within the State of New York similar to the letter annexed hereto as Exhibit A.

60. KLLFG's actions as described herein are part of a pattern and practice used to collect consumer debts.

61. KLLFG could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

62. It is KLLFG's policy and practice to send initial written collection communications, in the form annexed hereto that violate the FDCPA, by *inter alia*:

e. Falsely representing the character, amount, or legal status of any debt;

f. Failing to provide the proper notices in their initial communication with the consumer pursuant to 15 U.S.C. 1692e(11);

g. Using false, deceptive or misleading representations or means in connection with the collection of any debt;

h. Using unfair or unconscionable means to collect or attempt to collect any debt;

i. Failing to accurately state the amount of the alleged debt;

j. Attempting to collect collection fees when no such fees were due to Defendants;

k. Failing to provide the proper notices in their initial communication with the consumer pursuant to 15 U.S.C. 1692g(a) *et seq.*;

l. Depriving consumers of their right to receive the necessary and accurate information as to the true amount of the alleged debt;

m. Depriving consumers of their right to receive the informational content as to amount of potential additional costs;

n. Depriving consumers of their right to receive the necessary and accurate information as to the true character, amount, and legal status of the alleged debt; and

o. Causing consumers to suffered a risk of economic injury.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e et seq.

63. Plaintiff repeats the allegations contained in paragraphs 1 through 62 as if the same were set forth at length herein.

64. Collection letters and/or notices such as those sent by KLLFG are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

65. KLLFG violated 15 U.S.C. § 1692 *et seq.* of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

66. 15 U.S.C. § 1692e prohibits a debt collector from using false, deceptive or misleading representation or means in connection with the collection of any debt.

67. KLLFG violated 15 U.S.C. § 1692e of the FDCPA by using false, deceptive, misleading representations and means in connection with its attempts to collect the alleged debt from Plaintiff and others similarly situated.

68. HANCOCK suffered an informational injury due to KLLFG's violation of 15 U.S.C. § 1692e of the FDCPA in connection with its communications to HANCOCK.

69. HANCOCK suffered a risk of economic injury due to KLLFG violation of 15 U.S.C. § 1692e of the FDCPA in connection with its communications to HANCOCK.

70. 15 U.S.C. § 1692e(2)(A) provides that a debt collector may not falsely represent the …amount, or legal status of any debt.

71. KLLFG violated 15 U.S.C. §1692e(2)(A) by including an amount for attorney's fees in the amount of the debt, in the November 30, 2020 letter, when no such amount was due at the time KLLFG mailed said letter to HANCOCK.

72. KLLFG violated 15 U.S.C. §1692e(2)(A) by falsely representing the amount of the debt in the November 20, 2020 letter to HANCOCK.

73. 15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt.

74. KLLFG violated 15 U.S.C. § 1692e(10) by including an amount for attorney's fees in the November 30, 2020 letter when no fees were due at the time the letter was mailed to HANCOCK.

75. KLLFG violated 15 U.S.C. § 1692e(10) by including an amount for attorney's fees in the November 30, 2020 letter when no such fees were due at the time the letter was mailed to HANCOCK, which falsely represented the amount of the debt.

76. KLLFG violated 15 U.S.C. § 1692e(10) by including an amount for attorney's fees in the November 30, 2020 letter when no fees were due at the time the letter was mailed to HANCOCK, which deceptively increased the amount of the debt.

77. 15 U.S.C. § 1692e(11) requires a debt collector to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and to disclose in subsequent communications that the communication is from a debt collector.

78. The November 30, 2020 letter fails to contain the proper notice pursuant to 15 U.S.C. § 1692e(11).

79. KLLFG violated 15 U.S.C. § 1692e(11) by mailing the November 30, 2020 letter to HANCOCK without disclosing that it was attempting to collect a debt and that any information obtained would be used for that purpose.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f et seq.

80. Plaintiff repeats the allegations contained in paragraphs 1 through 79 as if the same were set forth at length herein.

81. 15 U.S.C. § 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt

82. KLLFG violated 15 U.S.C. § 1692f et seq. of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

83. 15 U.S.C. § 1692f(1) prohibits debt collectors from collecting any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

84. By including an amount for attorney's fees in the November 30, 2020 letter, when no such fees were owed at the time the letter was mailed to HANCOCK, KLLFG used unfair or unconscionable means to collect or attempt to collect any debt from HANCOCK and others similarly situated, in violation of 15 U.S.C. § 1692f(1).

85. By including an amount for attorney's fees in the November 30, 2020 letter, when no such fees are expressly authorized by the agreement creating the debt or permitted by law, KLLFG used unfair or unconscionable means to collect or attempt to collect any debt from HANCOCK and others similarly situated, in violation of 15 U.S.C. § 1692f(1).

86. HANCOCK suffered an informational injury due to KLLFG's violation of 15 U.S.C. § 1692f and § 1692f(1) of the FDCPA in connection with its communications to HANCOCK.

87. HANCOCK suffered a risk of economic injury due to KLLFG's violation of 15 U.S.C. § 1692f and § 1692f(1) of the FDCPA in connection with its communications to HANCOCK.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g et seq.

88. Plaintiff repeats the allegations contained in paragraphs 1 through 87 as if the same were set forth at length herein.

89. KLLFG violated 15 U.S.C. § 1692g et seq. of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

90. 15 U.S.C. § 1692g(a) provides, that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication …send the consumer a written notice containing the:

> (1) the amount of the debt;
>
> \*\*\*
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

91. By including an amount for attorney's fees in its November 30, 2020 letter, KLLFG failed to provide the proper notice to HANCOCK and others similarly situated, in violation of 15 U.S.C. § 1692g(a)(1).

92. The November 30, 2020 letter failed to contain the proper notice pursuant to Section 1692g(a)(3).

93. KLLFG violated 15 U.S.C. §1692g(a)(3) by not including the required notice in the November 30, 2020 letter to HANCOCK.

94. The November 30, 2020 letter failed to contain the proper notice pursuant to Section 1692g(a)(4).

95. KLLFG violated 15 U.S.C. §1692g(a)(4) by not including the required notice in the November 30, 2020 letter to HANCOCK.

96. The November 30, 2020 letter failed to contain the proper notice pursuant to Section 1692g(a)(5).

97. KLLFG violated 15 U.S.C. §1692g(a)(5) by not including the required notice in the November 30, 2020 letter to HANCOCK.

98. HANCOCK suffered an informational injury due to KLLFG's violation of 15 U.S.C. § 1692g of the FDCPA in connection with its communications to HANCOCK.

99. HANCOCK suffered a risk of economic injury due to KLLFG's violation of 15 U.S.C. 1692g of the FDCPA in connection with its communications to HANCOCK.

100. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

101. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

102. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

103. Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

104. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

105. Plaintiff has suffered damages and other harm as a direct result of Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against KLLFG as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., and Benjamin J. Wolf, Esq. as Class Counsel;

(b) Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c) Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(d) Awarding Plaintiff and the Class statutory damages;

(e) Awarding Plaintiff and the Class actual damages;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(g) Awarding pre-judgment interest and post-judgment interest; and

(h) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      January 29, 2021

                                      */s/ Joseph K. Jones*
                                      Joseph K. Jones, Esq.
                                      JONES, WOLF & KAPASI, LLC
                                      One Grand Central Place
                                      60 East 42nd Street, 46th Floor
                                      New York, New York 101065
                                      (646) 459-7971 telephone
                                      (646) 459-7973 facsimile
                                      jkj@legaljones.com

                                      */s/ Benjamin J. Wolf*
                                      Benjamin J. Wolf, Esq.
                                      JONES, WOLF & KAPASI, LLC
                                      One Grand Central Place
                                      60 East 42nd Street, 46th Floor
                                      New York, New York 101065
                                      (646) 459-7971 telephone
                                      (646) 459-7973 facsimile
                                      bwolf@legaljones.com

                                      *Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                                      */s/ Joseph K. Jones*
                                      Joseph K. Jones

# Exhibit A

LAW OFFICES

# KAGAN LUBIC LEPPER FINKELSTEIN & GOLD, LLP

200 MADISON AVENUE, 24TH FLOOR · NEW YORK, N.Y. 10016-4001
TEL 212 / 252-0300 · FAX 212 / 779-7295

Rosalie Valentino, Esq.
*Rvalentino@kll-law.com*

November 30, 2020

**VIA FEDERAL EXPRESS & E-MAIL**
Ms. Roxanne Hancock
███████████████

Re:   Long Overdue Balance due and owing to Elle Woodworking, Inc.

Dear Ms. Hancock,

I represent Elle Woodworking, Inc. ("Elle"), and, as you know, you owe Elle a total of $12,283.46. Although Elle has demanded payment and expressed a desire to file a mechanic's lien in the amount of $12,283.46, payment still has not been made. I am writing to see if there is an amicable way to resolve this matter since Elle's attempts to resolve this matter directly with Elle have been fruitless.

You can avoid this matter from further escalation by paying Elle in full within the next 10 business days. An agreement to pay the long overdue balance to Elle needs to be reached because this is a substantial amount of money for Elle to be out of pocket and for this amount of time.

I will need your answer by Monday, December 7, 2020. Please feel free to contact me to discuss further or have your attorney do so.

Very truly yours,

*Rosalie Valentino*

Rosalie Valentino

cc:   Marc Vecchiarelli (via e-mail)

{00351047;1 }